## DOUGLAS v WILSON

Ohio Appeals, 9th Dist, Summit Co

No 2487. Decided April 25, 1935

E. F. Mooneyham, Akron, for plaintiff in error.

W. H. Crawford, Akron, and Scott D. Kenfield, Akron, for defendant in error.

Hal C. DeRan, Fremont, for plaintiff in error.

Stahl, Stahl & Stahl, Fremont, for defendant in error.

For full opinion see 3 OO 199; 49 Oh Ap 262.

language used will bear the meaning ascribed to it by the innuendo.

We have carefully considered the language concerning which complaint is made, and we are unanimous in the conclusion that the words used cannot, under the circumstances here shown, bear the meaning ascribed to them by the innuendo.

Such determination is the duty of the court.

25 O. Jur., "Libel and Slander," §108, p. 247.

State v Smily, 37 Oh St 30.

The extrinsic facts pleaded by way of inducement, lend no help in broadening the meaning of the words used, so as to make them susceptible of the interpretation claimed by plaintiff.

We are of the opinion that the court properly sustained defendant's motion as to all of its branches except the seventh, which was with reference to separately stating and numbering the causes of action, and as to that, it does not appear that the trial court disposed of said branch of said motion, the entry providing that the motion "to make definite and certain" was sustained.

The motion having been properly sustained, the dismissal of the petition upon plaintiff's failure to comply with the court's order was warranted and proper.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.

By STEVENS, J.

It is claimed by plaintiff that in this proceeding the property of the trial court's ruling with reference to ordering the petition to be made more definite and certain, may be reviewed, and the case of **Booco v Mansfield, 66 Oh St 121**, syllabus 2, so holds.

It thus becomes necessary to consider the petition to ascertain whether or not the